IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JENNIFER LYNETTE RAWLINGS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 6:25-cv-03023-MDH ) |
| WELL BIZ BRANDS, et. al., | ) ) |
| Defendants. | ) |

# ORDER

Before the Court is Plaintiff's *Pro Se* Motion to Transfer to the United States District Court for the District of Kansas. Plaintiff has yet to request summons and Defendants have yet to be served in the current action. For the reasons stated herein, Plaintiff's Motion to Transfer to the United States District Court for the District of Kansas is **GRANTED**.

## BACKGROUND

This case arises from an alleged eyelash extension appointment that led to Plaintiff having a large amount of solvent enter both eyes. Plaintiff is a resident of Forsyth, Missouri. Defendant WellBiz Brands, Inc. is a foreign corporation with its principal place of business at 1890 Wynkoop St, Unit 1, Denver, Colorado and registered to do business in the State of Missouri.[1] Amazing Lash Franchise, LLC is a foreign limited liability company with its principal place of business at 1890

---

[1] Plaintiff in her complaint listed Well Biz Brands. After review, the Defendant's name is WellBiz Brands, Inc.

1

Wynkoop St., Unit 1, Denver, Colorado.[2] Lastly T&L Lashes, LLC is an alleged LLC with its principal address at 13312 Metcalf Ave, Overland Park, Kansas.[3]

Plaintiff alleges on February 6, 2023 she went to get a touch up from her first set of eyelash extensions. She alleges the master lash technician at T&L Lashes, LLC advised that Plaintiff replace all lashes. During the lashes removal Plaintiff claims a large amount of solvent entered both eyes. Plaintiff stated she advised the master lash technician of this but the technician dismissed her concern and kept working. Plaintiff now alleges that the solvent caused permanent damage to her facial lymphatic system, and burned/damaged her facial skin. Plaintiff brings this complaint against all three defendants alleging personal injury.

Plaintiff now asks this Court to transfer venue to the United States District Court for the District of Kansas based upon the Court's Order granting in part and denying in part Plaintiff's motion to proceed in forma pauperis. (Doc. 3). This Court instructed Plaintiff that she may proceed against WellBiz Brands, Inc. but denied Plaintiff's motion against the other defendants for lack of personal jurisdiction. *Id*. This Court reasoned in its Order that Plaintiff would be better suited to bring her claim in the United States District Court for the District of Kansas where that court would have personal jurisdiction over all the parties and where venue would be proper as a substantial part of the events occurred. *Id.*

## STANDARD

---

[2] Plaintiff in her complaint listed Amazing Lash Studio as the second Defendant. After a review of the Colorado Secretary of State's Office it appears Plaintiff intended to list Amazing Lash Franchise, LLC instead of Amazing Lash Studio.
[3] The Court was unable to ascertain any information to T&L Lashes, LLC as it is not reported as an entity in Kansas or Missouri. The address Plaintiff listed for the third Defendant belongs to a franchisee of Amazing Lash Studio, the trade name of Amazing Lash Franchisee, LLC.

Section 1404(a) governs the ability of a federal district court to transfer a case to another district. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). There is no "exhaustive list of specific factors to consider in making the transfer decision, but district courts should weigh any case-specific factors relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010). Such case-specific factors include (1) the convenience to the parties and the witnesses, (2) the interests of justice, and (3) judicial economy. *Id.* at 913–16. "In general, federal courts give considerable deference to a plaintiff's choice of forum." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). "[T]he party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Id.*

## ANALYSIS

Even though Plaintiff has originally filed her case with this Court, the axiom of giving considerable deference to Plaintiff's choice of forum, here the United States District Court for the District of Kansas, should be respected.

When looking at the convenience of the parties and witnesses, the District of Kansas is a more appropriate venue. The underlying conduct in this case happened in Overland Park, Kansas. Any witnesses would work in Kansas and each defendant in this case would have some relationship to the State of Kansas compared to the State of Missouri. The only individual that would be more burdened by the change of venue would be Plaintiff. Given Plaintiff is seeking for the transfer the Court finds that the convenience of the parties and witnesses favor transfer.

The interests of justice and judicial economy also favors transfer. As stated in this Court's Order prior order, this Court would only have personal jurisdiction over WellBiz Brands, Inc. (Doc. 3). The Court would not have jurisdiction over the other two defendants in this matter. Transfer to the District of Kansas would allow that Court to proceed in this case against all three defendants allowing for complete adjudication on the merits and avoiding the need for multiple, and possibly conflicting, litigation. Further, Defendants have yet to be served in this case and transfer at this state would not inhibit any party nor the court. The Court finds the interests of justice and judicial economy a favors transfer.

The Court has found that Plaintiff's choice of forum is entitled to considerable deference, the convenience of the parties and witness, the interests of justice, and judicial economy all favor transfer. The Court finds the United States District Court for the District of Kansas is a more appropriate venue for this case then the Western District of Missouri. For the reasons stated, Plaintiff's Motion for Transfer to the United States District Court for the District of Kansas is **GRANTED**.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Transfer to the United States District Court for the District of Kansas is **GRANTED**.

**IT IS SO ORDERED**.

DATED: March 13, 2025    */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**